UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
ZISSEL RUBIN, individually, and on behalf of all
other similarly situated consumers,

                      Plaintiff,

vs.

KIRSCHENBAUM & PHILLIPS, P.C.,

                      Defendant.
---------------------------------------------------------------------X

Index No.: 2:23-cv-05447

**FIRST AMENDED COMPLAINT**

Plaintiff, Zissel Rubin (hereinafter "Plaintiff" or "Rubin") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## PARTIES

2. Plaintiff is a natural person who at all relevant times has resided in Brooklyn, New York, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

3. Defendant KIRSCHENBAUM & PHILLIPS, P.C., ("K&P" or "Defendant"), is a corporation that regularly conducts business in New York. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

4. On a date better known to Defendant, Plaintiff Rubin allegedly incurred a debt.

5. The debt allegedly incurred was for personal, familial, and household purposes.

6. The debt, allegedly incurred by Plaintiff, was assigned to K&P for collections by the creditor.

7. Defendant sent a collection letter on March 6th, 2023. The letter was sent to 755 Kent Ave, Apt 703, Brooklyn, NY 11249. Which is Plaintiffs neighbor.

8. Plaintiffs correct address is 755 Kent Ave, Apt 511, Brooklyn, NY 11249.

9. Plaintiffs neighbor opened the letter and saw it was from a collection agency, which embarrassed Plaintiff.

10. In doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA, including the fact that Plaintiff owed a debt.

11. The outside of the envelope in question clearly listed the phrase "Personal and Confidential" on the outside of the envelope.

12. The FDCPA has a specific provision discussing what is allowed on the outside of the envelope. The plain language makes it clear that "§ 1692f(8) prohibits any language or symbol, other than the debt collector's business name or address." *Preston v. Midland Credit Mgmt*., 948 F.3d 772, 780 (7th Cir. 2020).

13. The phrase personal and confidential goes beyond what the plain language allows.

## CLASS ACTION ALLEGATIONS
### The Class

14. Plaintiff brings this as a class action on behalf of herself and all others similarly situated who have received similar debt collection letters with an envelope that says "Personal and Confidential" from Defendant, which, as alleged herein, are in violation of the FDCPA.

15. Plaintiff seeks certification of the following class, initially defined as follows:

**Envelope Class: All consumers residing within New York that have received a letter from Defendant with an envelope that states Personal and Confidential concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.**

16. Excluded from the Class is Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

17. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor.

### Numerosity

18. Upon information and belief, Defendant has sent collection letters with this type of envelope in an attempt to collect a debt to hundreds if not thousands of consumers throughout United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated the provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

21. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

22. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

30. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

31. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32. Defendant's actions are in violation of 15 U.S.C. § 1692c(b) and f(8).

WHEREFORE, Plaintiff Zissel Rubin respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using envelopes that have any wording on the outside;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

Dated this 13Th day of  October 2023

Respectfully Submitted,

*/s/ Daniel Zemel*
Daniel Zemel, Esq.
**Zemel Law LLC**
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing documents were served via the Court's ECF system.

                                              */s/ Daniel Zemel*
                                              Daniel Zemel, Esq.